IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION NO: 4:20-cv-139

| | |
|---|---|
| JOEROAM MYRICK, as an Individual and as Representative on behalf of all others similarly situated )<br><br>Plaintiffs, )<br><br>v. )<br><br>CLEVELAND ATKINSON, Jr., AS SHERIFF OF EDGECOMBE COUNTY; COUNTY OF EDGECOMBE; and DOES 1 through 20, Inclusive, )<br><br>Defendants. ) | **CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>)<br>1. VIOLATION OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. section 201 *et seq.,* 216(b))<br><br>2. VIOLATION OF N.C. WAGE AND HOUR ACT (N.C. Gen. Stat. Section 95-25.1 *et seq.*)<br><br>3. BREACH OF CONTRACT IN VIOLATION OF STATUTORY DUTY |

**<u>JURY TRIAL DEMANDED</u>**

1

**COME NOW** Plaintiff JOEROAM MYRICK, as an Individual and on behalf of all others similarly situated, (FLSA Collective Action) and allege as follows:

## I.     JURISDICTION

1.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. sections 1331, 1337, and 1367(a), and 29 U.S.C. section 216(b) because a federal question is presented under the FLSA.

## II.     VENUE

2.     Venue over this action lies in this Court pursuant to 28 U.S.C. sections 1367(a) 1391(b) and 1391(c), and 29 U.S.C. section 216(b).   At the time this action was filed defendant Sheriff of Edgecombe County, a duly elected public officer and employer, was operating the Edgecombe County Sheriff's Office, in Edgecombe County, North Carolina.   All of the events that gave rise to this action occurred in Edgecombe County, State of North Carolina, as specified in 29 U.S.C. section 113(a).

## III.     THE PARTIES

### A. DEFENDANT(S)

3.     Upon information and belief, Defendant, Cleveland Atkinson, Jr., as Sheriff of Edgecombe County (hereinafter "Sheriff" or "Defendant"), in his official capacity, the elected chief executive and administrative officer of the Edgecombe County Sheriff's office, acting on behalf of the Office of the Sheriff, Edgecombe County, is the employer of all persons employed as Sheriff's Deputies for the Office of the Sheriff, Edgecombe County.   The Sheriff is an independent elected officer with exclusive authority and responsibilities for the hire, supervision, discipline, control and termination of Sheriff's Deputies, and is the legal

2

employer of the Sheriff's Deputies, engaged in governmental law enforcement under color and authority of laws of the State of North Carolina, County of Edgecombe, and of the United States of America.   At all times relevant to this action, Defendant Sheriff was, through the financial support of Edgecombe County, the Employer duly authorized to employ all current and/or former Sheriff's Deputies to service Edgecombe County, including Plaintiffs and the Collective Class Members.   Defendant Sheriff is and/or was the "employer" of all Plaintiffs (including collective Plaintiffs), within the meaning of the Fair Labor Standards Act (29 USC Sec. 201 et. Seq, 216(b) and the North Carolina Wage and Hour Act N.C. Gen. Stat. Section 95-25.1 et seq.)

4.     Defendant, **County of Edgecombe**, ("County") is an independent governmental subdivision of the State of North Carolina, which provides public services to the people within the geographic bounds of the County, including law enforcement through the financial support it provides the Edgecombe County Sheriff (Edgecombe County Sheriff's Office) operating under color and authority of laws of the State of North Carolina, County of Edgecombe, and of the United States of America.   At all times relevant to this action, Defendant Edgecombe County provided financial support for the Edgecombe County Sheriff and upon information and belief, enacted policies applicable to calculation of regular and overtime compensation for employees of the Sheriff, including the above-named Plaintiff and all putative Class Member Plaintiffs, as required by the Fair Labor Standards Act (29 USC Sec. 201 et. Seq, 216(b) and the North Carolina Wage and Hour Act N.C. Gen. Stat. Section 95-25.1 *et seq.*) and thus entered into contracts with the Sheriff's Deputies to provide regular hourly pay and overtime pay in accordance with state law.

## B.   PLAINTIFF(S)

### 1. INDIVIDUAL

5.     Individual and Representative Plaintiff, JoeRoam Myrick, (herein called Myrick"

3

and/or "Plaintiffs"), was an employee of Defendant Sheriff through the Office of the Sheriff, and a resident of the County of Edgecombe, working as a Deputy Sheriff. Plaintiff Myrick pursues this action on behalf of himself and all persons similarly situated (persons who performed services as employees of the Edgecombe County Sheriff for which they were not compensated), despite demand for payment. At all times during the Relevant Time Period, Plaintiffs and the putative Class members were and/or are non-exempt, hourly-paid employees and former employees of Defendant Sheriff who worked and/or are working as Sheriff's Deputies for the Sheriff of Edgecombe County.

### 2. THE COLLECTIVE CLASS

6. This is a collective class action brought by Plaintiff individually and on behalf of all similarly-situated current and former Sheriff's Deputies employed by Defendant Sheriff to recover unpaid wages owed under the Fair Labor Standards Act ("FLSA") 29 U.S.C. section 201, et seq., and the common laws of the State of North Carolina. The Collective Class consists of all current and former non-exempt hourly employees who work, or worked, for Defendant County of Edgecombe Sheriff located in the State of North Carolina, County of Edgecombe, City/Town of Tarboro, at any time within the statutory periods applicable to the claims herein, but were not compensated for all the times that they worked. Upon information and belief, for years, Defendant(s) regularly required Plaintiff and the Collective Class to work thirteen 28-day pay periods a year but only compensated them for twelve 28-day pay periods.

### IV. <u>NATURE OF THE CASE</u>

7. Plaintiffs and the Class members are and were paid pursuant to Section 7(k) of the FLSA, which allows payment of overtime to "any employee in law enforcement activities (including security personnel in correctional institutions)" based on a 28-day work period, known as a "tour of duty" rather than the traditional 40-hour work week. 29 U.S.C. § 207(k). Plaintiffs and the Class members are, therefore, entitled to receive overtime pay (or compensatory time) at the rate of one and

4

one-half times their regular rates of pay for all hours worked over 171 hours in their 28-day tours of duty. This action is brought by Plaintiff on behalf of himself, individually, and on behalf of the Collective Class, consisting of all current and former non-exempt hourly employees who work, or worked, for Defendant Sheriff located in the State of North Carolina, County of Edgecombe, City/Township of Tarboro, at any time within the statutory periods applicable to the claims herein (for which a remedy may be obtained), and who were, are, and have been, undercompensated for work performed.   In short, this action is to recover unpaid regular and overtime wages for time worked by Plaintiffs and members of the Collective Class.

V.     **OPERATIVE FACTS**

8.     Upon information and belief, the class consists of more than 50 employees and is sufficiently numerous that joinder is impracticable and disposition of claims by a class action rather than individual actions will benefit the parties and the court.

9.     There is a well-defined community of interest in the questions of law and fact involved affecting the Collective Class, in that, at all times material to this action, Defendant required all members, and/or is requiring current employees and members, to comply with its requirement that Plaintiff(s) work more hours than those for which they are compensated. Common questions of law and fact predominate over all claims raised by this action and affect all of the individual Collective Class Members.   Proof of a common set of facts will establish the liability of Defendant(s) to the named Plaintiff and to each member of the Collective Class.

10.     The claims of the Plaintiff Myrick are typical of those of the Collective Class, and the Named Plaintiffs will fairly and adequately represent the interests of the Collective Class.

11.     There is no plain, speedy, or adequate remedy other than by maintenance of this Collective Class Action since re-litigating the same set of facts, which apply to all Class

5

members, would be an unnecessary waste of judicial resources and it may result in inconsistent verdicts and/or standards of conduct for the defendants, potentially impairing the rights of the Collective Class Members and the disposition of their interests through actions to which they were not parties.

12.     Upon information and belief, around December, 2019 Plaintiff discovered that, for more than four years, Defendants have underpaid, and/or failed to compensate Plaintiff and the members of the collective class for work performed in the course of their assigned duties and responsibilities.   Specifically, upon information and belief, Defendants have required Plaintiff and all similarly situated Sheriff's Deputies and former Sheriff's Deputies (all law enforcement employees of the Sheriff of Edgecombe County, and members of the collective class) to work subject to timekeeping that reveals that they worked and submit time records for 13 pay periods annually but receive compensation for only 12 pay periods, leaving them uncompensated for one pay period annually.

13.     Upon information and belief, Plaintiff and other Sheriff's Deputies were regularly assigned to work, and worked, an average of 171 hours (or more) every 28-day work/payroll period.

14.     During the Relevant Time Period, Plaintiffs and the putative Class members have been paid for a standard 12.25 hours per shift, regardless of the hours that they actually worked.

15.     Upon information and belief, Defendants' employment policies and procedures, as well as state and federal Laws, require Defendants to compensate its employees for all hours worked, including overtime payment for overtime and holiday work.

16.     Upon information and belief, Defendant Sheriff and through Defendant Sheriff, the Cumberland County Commissioners, were made aware that it was failing to properly compensate Plaintiff and the collective class members, but Defendants knowingly and intentionally decided to continue operations without making adjusting to correct the employees' payment.

6

17.     Upon information and belief, Defendant(s) knowingly failed to properly Compensate Plaintiff and all Collective Class Members, has under paid them and/or has not compensated them for work performed for over four (4) years.

18.     Upon information and belief, Plaintiff(s) have been underpaid and/or not paid for approximately 11 hours each 28-day pay period, on a month-to-month basis for over four (4) years.

19.     Upon information and belief, for over four (4) years Defendants have required Plaintiff(s) to work 13 twenty-eight day periods each year, but only compensated them for 12 pay periods, leaving each of them uncompensated for an average of 171 hours annually.

20.     Upon information and belief, Defendants have, from at least 2014 to around February, 2020, required Plaintiff and others to work 171 hours in each 28-day cycle, and 13 28-day cycles each year.

21.   The State of North Carolina has waived sovereign immunity for purposes of the Fair Labor Standards Act. ("FLSA"). *See* N.C. Gen. Stat.§ 143-300.35 (a)(1).   Although a Sheriff is not considered a state official, because of the Sheriff's status as a local official, the sheriff does not have 11th Amendment immunity from suits pursuant to federal statutes in his official capacity. Accordingly, Defendant does not enjoy immunity from Plaintiffs' FLSA claims and may be sued under the Act.

22.     Plaintiff(s) seek to recover all money due and owing.

23.     Defendants' failure to make proper payment of hourly wages to its employees and to Sheriff's deputies referenced herein has, and has had, an injurious impact on employees' retirement benefits as well as their periodic earnings.

**FIRST CLAIM: <u>VIOLATION OF FAIR LABOR STANDARDS ACT (29 U.S.C. SECTION 201 *et seq.*)</u>**

7

24.     Plaintiffs refer to the allegations in paragraphs 1 to 23 of this complaint, and incorporate those allegations as though fully set forth herein.

25.     This is an action under the Fair Labor Standards Act, 29 U.S.C. section 201 *et seq.*, as amended, for unpaid wages, including overtime wages and liquidated damages.

26.     Pursuant to 29 U.S.C. section 216(b), Plaintiffs are entitled to recover their unpaid wages, including unpaid overtime wages for all work they performed in a 28-day work period each year for which they were never compensated, including overtime for all hours over 171 in 28 days.

27.     Pursuant to 29 U.S.C. section 216(b), Plaintiffs are entitled to recover double the amount of their unpaid wages as liquidated damages.

28.     Pursuant to 29 U.S.C. section 216(b), Plaintiffs are entitled to recover their costs and fees, including attorneys' fees, incurred in attempting to recover their unpaid earned wages due from Defendants.

**SECOND CLAIM: <u>VIOLATION OF N.C. WAGE AND HOUR ACT (N.C. GEN. STAT. SECTION 95-25.1 *et seq.*)</u>**

29.     Plaintiffs refer to the allegations contained in paragraph 1-28 of this complaint, and incorporate those allegations as though fully set forth herein.

30.     Pursuant to N.C. Gen. Stat. Section 95-25.22(a), Plaintiffs are entitled to recover their unpaid wages and unpaid overtime wages from defendant.

31.     Pursuant to N.C. Gen. Stat. Section 95-25.22(a), Plaintiffs are entitled to recover double the amount of their wages from Defendants as liquidated damages.

32.     Pursuant to N.C. Gen. Stat. Section 95-25.22(d), Plaintiffs are entitled to recover their costs and fees, including attorney's fees, incurred in attempting to recover their unpaid earned wages due from Defendants.

8

**THIRD CLAIM: BREACH OF CONTRACT IN VIOLATION OF STATUTORY DUTY**

**(Against all Defendants)**

33.  Plaintiffs refer to the allegations in paragraphs 1 to 32 of this complaint, and incorporate those allegations as though fully set forth herein.

34.  Pursuant to N.C. Gen. Stat. § 153A-103(2), each sheriff is entitled to at least two deputies who shall be reasonably compensated by the County.

35.  Upon information and belief, such compensation is provided directly by the County.

36.  Pursuant to N.C. Gen.Stat. § 153A-92, "the board of commissioners shall fix or approve the schedule of pay, expense allowances, and other compensation of all county officers and employees, whether elected or appointed, and may adopt position classification plans."

37.  Upon information and belief if the board of commissioners reduces the salaries, allowances, or other compensation of employees assigned to an officer elected by the people, and the reduction does not apply alike to all county offices and departments, the elected officer involved must approved the reduction.   N.C. Gen.Stat. § 153A-92(b)(3).

38.  Pursuant to N.C. Gen. Stat. § 153A-13, a "county may enter into continuing contracts" for which "the county must have sufficient funds appropriated to meet any amount to be paid under the contract in the fiscal year in which it is made."

39.  Upon information and belief, the County by and through its governing body, the Edgecombe County Board of Commissioners, allocated funds for salaries of sheriff's deputies, during the relevant time period and committed such funds to provide salaries and benefits to the Sheriff's deputies in amounts sufficient to comply with state and federal laws governing regular and overtime pay.

40.  Upon information and belief, County has owed and continues to owe a duty to Myrick and the Class, to allocate sufficient funds to compensate Myrick and the class of similarly

9

situated deputies, for regular and overtime pay in accord with state and federal laws.

41.  Defendant(s) breached their statutory duties to provide the salaries and benefits to which they committed in the enacted budget ordinances, and as such breached the contracts between Defendants and Sheriff's deputies.

42.  Upon information and belief, Defendant have administered the salary and benefits in such a manner as to effectively deprive each Plaintiff and Class member of their full pay and benefits as provided by the ordinance adopted by the County, and state and federal laws.

43.  Upon information and belief, the Sheriff of Edgecombe County, and his predecessors, at all relevant times, acted jointly along with Defendant, County of Edgecombe, in the administration of the plan and ordinance adopted by County Commissioners to provide for salaries and benefits to the Deputy Sheriffs.

44.  Upon information and belief, the Sheriff of Edgecombe County, and his predecessors, at all times relevant maintained policies and acted in concert with Defendant County of Edgecombe, as alleged herein, to the detriment of Plaintiffs to deprive Plaintiffs Class of salary and benefits due in accordance with state and federal law.

45.  Defendants, jointly and severally, owe and continue to owe a duty to Plaintiffs herein, to enforce the salary plan adopted as a county ordinance, and to see that Sheriff's Deputies are paid salaries and benefits in accordance with state and federal law.

46.  As a direct and proximate result of the manipulation and improper administration of the funds allocated to pay the deputy members of the Class, Plaintiff Myrick and the other similarly situated plaintiffs, and each member of the Class described above, has been deprived a portion of his or her lawful pay and allowances, and benefits in an amount in excess of $10,000.00 each, which deprivation has substantially increased over the years, as benefits accrued.

**WHEREFORE**, Plaintiff, on behalf of himself and on behalf of all Collective Class Members, pray for judgment against Defendant as follows:

1. For all recoverable damages pursuant to 29 U.S.C. section 216(b), et. Seq., NC Gen. Stat. 95-25.1 et. seq. including but not limited to unpaid regular wages, unpaid overtime wages, pension impact losses, liquidated damages, costs and fees and attorney fees.

2. For all back pay to which the named Plaintiffs and Collective Class Members are entitled, including interest;

3. For all penalties and interest on all sums.

4. For all recoverable damages pursuant to N.C. Wage and Hour Act, including compensatory damages for unpaid wages and unpaid overtime wages, liquidated damages in an amount in excess of $25,000.00.

5. For issuance of a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining Defendants from further extracting services from employees without compensation through its mandatory uniform policy and practice at the start and end of work shifts.

6. For a mandatory injunction requiring Defendant to modify its mandatory uniform policy to provide compensation for the time required for employees to comply with it as currently constituted.

7. For the payment of all attorneys' fees out of the moneys recovered for the joint benefit of the Members of the Class on all claims; and

8. For such other and further relief as the Court may deem just and proper.

11

This the 16th day of July, 2020.

Respectfully submitted,

/s/ Alvin L. Pittman
Alvin L. Pittman
Attorney for Plaintiffs
LAW OFFICE OF ALVIN L. PITTMAN
5777 W. Century Boulevard, Suite 1685
Los Angeles, CA 90045
Telephone: (310) 337-3077
Facsimile: (310) 337-3080
E-Mail: office@apittman-law.com
State Bar No. 8460

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

This the 16th day of July, 2020.

Respectfully submitted,

/s/ Alvin L. Pittman
Alvin L. Pittman
Attorney for Plaintiffs
LAW OFFICE OF ALVIN L. PITTMAN
5777 W. Century Boulevard, Suite 1685
Los Angeles, CA 90045
Telephone: (310) 337-3077
Facsimile: (310) 337-3080
E-Mail: office@apittman-law.com
State Bar No. 8460