IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CV-139-FL

| | |
|---|---|
| JOEROAM MYRICK as an Individual and as Representative on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CLEVELAND ATKINSON, JR. as Sheriff of Edgecombe County; COUNTY OF EDGECOMBE; and DOES 1 through 20, Inclusive, <br><br> Defendants. | ORDER |

This matter is before the court on defendants' motion to dismiss for failure to state a claim (DE 42), and motion to stay proceedings pending resolution of potentially dispositive motions (DE 46). The motions have been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion to dismiss is granted in part and denied in part, and the motion to stay is denied as moot.

**STATEMENT OF THE CASE**

Plaintiff commenced this action on July 16, 2020, against his former employer, defendant Cleveland Atkinson, Jr., ("Atkinson"), sheriff of Edgecombe County, North Carolina, and defendant County of Edgecombe ("Edgecombe"), asserting claims for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA"), the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 et seq. ("NCWHA"), and common law breach of contract. Plaintiff also asserts claims

on behalf of putative collective and class action members, who are similarly-situated current and former sheriff's deputies employed by defendant Atkinson. Plaintiff seeks damages in the form of unpaid wages, back pay, pension impact losses, liquidated damages, penalties, interest, costs and fees, as well as injunctive relief, on behalf of himself and members of the putative collective and class actions.

Plaintiff filed the operative amended complaint, with leave of court, on April 30, 2021, asserting the same claims with additional factual allegations.[1] Defendants answered shortly thereafter, and they filed the instant motion to dismiss on July 27, 2021, followed by the instant motion to stay proceedings on August 3, 2021. The court held case activities in abeyance pending ruling on the motion to stay, and it invited plaintiff to file a consolidated response to both motions. Plaintiff filed a consolidated response in opposition, and defendants replied in support of their motions.

## STATEMENT OF THE FACTS

The facts alleged in the complaint[2] pertinent to plaintiff's claims may be summarized as follows.

Defendant Atkinson is "the elected chief executive and administrative officer of the Edgecombe County Sheriff's office," and the "employer of all persons employed as [s]heriff's [d]eputies for [that] [o]ffice." (Compl. ¶ 3). "At all times relevant to this action, [defendant Atkinson] was, through the financial support of [defendant Edgecombe], the [e]mployer duly authorized to

---

[1] Upon allowing plaintiff leave to file an amended complaint, the court denied as moot a motion to dismiss filed by defendants, and it stayed scheduling conference activities pending the framing of the pleadings.

[2] Hereinafter, all references to the complaint or "compl." in citations are to the operative amended complaint (DE 35).

2

employ all current and/or former [s]heriff's [d]eputies to service Edgecombe County," including plaintiff. (Id.).

Plaintiff was an employee of defendant Atkinson, working as a deputy sheriff, a "non-exempt, hourly-paid employee[.]" (Id. ¶ 5). He "regularly worked in the Patrol and Civil Division as an hourly employee." (Id. ¶ 14). He "was required to work an assigned work schedule with assigned work hours and to maintain accurate work records." (Id. ¶ 15). He "was compensated on an hourly basis, and was only paid for the hours that he actually worked, unless he used accrued time (i.e., vacation, sick or other accrued time) to substitute for hours not worked during a pay period." (Id. ¶ 16).

"Plaintiff and other [s]heriff's [d]eputies were regularly assigned to work, and worked, an average of 171 hours (or more) every 28-day work/payroll period." (Id. ¶ 17). "At the time of [p]laintiff's hire and throughout his employment, [p]laintiff was informed that he was an hourly non-exempt employee, and that he would be compensated at an hourly rate for all hours he worked during a pay period." (Id. ¶ 18). "Plaintiff never received a flat or fixed monthly salary in compensation for his hours worked." (Id. ¶ 19).

"Plaintiff received a monthly paycheck, which amounted to 12 payments each year, for his work" for defendant Atkinson. (Id. ¶ 21). "Plaintiff was required to turn in a time log at the end of each 28-day pay cycle to receive his hourly compensation." (Id. ¶ 22). "Annually, [p]laintiff turned in 13 sets of time sheets for compensation." (Id. ¶ 23). "Annually, [d]efendant made one payment to [p]laintiff each of 12 months." (Id. ¶ 24).

"At times Plaintiff worked overtime hours during a pay period but was not paid for his overtime work." (Id. ¶ 25). "Plaintiff was never compensated for at least 171 work hours each year that he worked." (Id. ¶ 26). According to the complaint, defendant Atkinson "computed time in a

3

strategic and planned manner that required employees to work without compensation at least 171 hours a year in violation of federal law." (Id. ¶ 27).

**COURT'S DISCUSSION**

A.      Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments."  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.      Analysis

   1.      FLSA

Defendants argue that plaintiff's claim must be dismissed for failure to allege sufficient facts and on the basis of an alternative explanation for defendants' alleged conduct that renders the claim implausible.  The court disagrees.

Plaintiff asserts a claim under the FLSA, 29 U.S.C. § 216(b), for unpaid wages, including overtime wages. Under that provision, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

4

In turn, § 206 requires "[e]very employer [to] pay to each of his employees . . . wages" at the minimum rates specified in the statute. 29 U.S.C. § 206(a). Section 207 prohibits employment for "a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a).

"Recognizing the unique nature of the work performed by police officers and firefighters, Congress provided a partial exemption to the FLSA's overtime requirements for public agency employers." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1267 (4th Cir. 1996).

In particular:

No public agency shall be deemed to have violated [§207(a)] with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities . . . if--

(1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975.

Id. § 207(k). By regulation, the period of 216 hours stated in § 207(k) has been replaced by "171 hours for law enforcement employees." 29 C.F.R. § 553.201.

Here, plaintiff states a FLSA claim for defendants' violation of the minimum wage and overtime provisions of the FLSA. Plaintiff allegedly turned in a time sheet "at the end of each 28-day pay cycle to receive his hourly compensation," for a total of 13 time sheets each year, but he only received "one payment each of 12 months." (Compl. ¶¶ 22-24). According to the complaint, this meant that he "was never compensated for at least 171 work hours each year that he worked." (Id. ¶ 26). He also sometimes "worked overtime hours during a pay period but was not paid for his overtime work." (Id. ¶ 25). As a result, it is reasonable to infer, drawing inferences in plaintiff's favor, that

5

plaintiff did not receive the requisite minimum wage and overtime pay for all pay periods that he worked.

Defendants argue that plaintiff does not allege sufficient facts to support a violation of the minimum wage or overtime provisions of the FLSA. In so arguing, however, defendants do not credit all allegations made by plaintiff in the complaint, and defendants introduce facts outside of the pleadings. For example, defendants contend that plaintiff's allegations that he was only compensated for 12 28-day periods, and uncompensated for one pay period annually, are made solely on "information and belief." (Defs' Mem. (DE 43) at 5-6). This is not correct. While plaintiff makes allegations on "information and belief" for putative class members, he makes unqualified allegations for himself. (Compare Compl. ¶¶ 6, 13, with ¶¶ 21-22, 26).

Defendants contend that plaintiff "alleges that he was paid for a standard 12.25 hours per shift, regardless of the hours actually worked," and that plaintiff "failed to allege that he worked in excess of 12.25 hours on any specific shift and was not paid for such time." (Defs' Mem. at 6). This, again, is not correct. Plaintiff does not make any allegation as to a standard number of hours per shift. Indeed, the complaint does not reference a "shift" nor 12.25 hours at any point. Plaintiff also does not allege that he was paid "regardless of the hours actually worked." (Id.). In fact, to the contrary, he alleges he "was only paid for the hours that he actually worked, unless he used accrued time. . . ." (Compl. ¶ 16).

Defendants also take issue with plaintiff's allegation that "[a]round December, 2019 [p]laintiff discovered, as a result of talks with other [s]heriff's [d]eputies and incident to public hearings and news reports that, for more than four years, [d]efendants have underpaid, and/or failed to compensate [p]laintiff and the members of the collective class for regular time and overtime work performed in the course of their assigned duties and responsibilities." (Compl. ¶ 13). Defendants suggest that "the

6

mere timeframe of [p]laintiff learning news which caused him to doubt the accuracy of his paychecks does not make it any more or less likely that he was under compensated." (Defs' Mem. at 6). The court agrees; however, the cited allegation by plaintiff is not necessary for stating a claim for minimum wage and overtime pay violations. Plaintiff's theory of relief, as advanced in the complaint, is not that plaintiff discovered a particular paycheck that was insufficient, but rather that in each one year period plaintiff submitted time records for 13 pay periods but received compensation for only 12. (Compl. ¶¶ 21-27).

Defendants argue that a "much more likely and lawful explanation" can be inferred from the allegations of the complaint, thereby requiring dismissal of the FLSA claim. (Defs' Mem. at 7). In particular, defendants contend the most logical explanation is –

> that Plaintiff <u>received an annual salary</u> which was paid over 12 pay periods (i.e. monthly), but that he was required to keep track of his hours worked on a timecard of 28 days, which timecard was used such that every employee subject to a tour of duty knew when a 28-day period was beginning and ending, and thus the employer would be able to ensure that the law enforcement employees subject to 7(k) knew when and whether they ever worked over 171 hours, which would then entitle them to receive overtime pay or compensatory time at the rate of one and one-half times their regular rates of pay for the hours in excess of 171 hours in a given tour.

(Id.) (emphasis added).

This argument fails on two levels. First, it presumes, contrary to the allegations in the complaint, that "[p]laintiff received an annual salary which was paid over 12 pay periods." (Id.). Plaintiff alleges in the complaint, by contrast, that plaintiff worked "as an hourly employee," and that he "was only paid for the hours that he actually worked." (Compl. ¶ 16). He further alleges that he "was informed that he was an hourly non-exempt employee, and that he would be compensated at an hourly rate for all hours he worked during a pay period." (Id. ¶ 18). Moreover, allegedly "[p]laintiff never received a flat or fixed monthly salary in compensation for his hours worked." (Id. ¶ 19).

7

Second, defendant's alternative explanation is not an "obvious alternative explanation," as would preclude statement of a plausible claim under the Iqbal standard. 556 U.S. at 682 (emphasis added). There is a lack of obviousness in defendant's alternative explanation because it depends on multiple points that are not alleged in the complaint. For example, it presumes that a deputy's timecard was used solely for purposes of identifying the beginning and ending of a 28-day tour of duty, and thus only for determining whether the deputy worked over 171 hours entitling him to overtime pay. There is no allegation regarding such purposes of the timecards in the complaint.

Likewise, defendants reference operation of the "7(k)" exemption, 29 U.S.C. § 207(k). Defendants point out that the complaint "sets forth that [defendant Atkinson] required [p]laintiff to work 171 hours in each 28-day cycle." (Defs' Mem. at 7). According to defendants "this is exactly what an employer is allowed to do in order to avail itself of the plain language of Section 7(k)." (Id.). Defendants omit, however, that plaintiff alleges that he was required to work "without compensation at least 171 hours a year." (Compl. ¶ 27 (emphasis added)). Defendants do not demonstrate how application of § 207(k) allowed plaintiff to work allegedly without compensation at least 171 hours a year.

Finally, defendants contend that plaintiff fails to allege facts "foreclosing the obvious lawful alternative explanation that he was simply being paid for all hours worked on a different schedule than he was required to report hours worked." (Reply (DE 48) at 4). However, the legality of such an alternative explanation is not "obvious." Iqbal, 556 U.S. at 682. Defendants do not cite any case law or provide any statutory analysis supporting the lawfulness of the conduct alleged in the complaint. For example, one opinion by the United States Court of Appeals for the Fourth Circuit applying the § 207(k) exception demonstrates that its application is anything but obvious or intuitive. See, e.g., Monahan, 95 F.3d at 1267-71 (examining opinions by the United States District Court for

8

the District of Kansas, as well as Department of Labor regulations and an "unnumbered DOL Letter Ruling"). Another court in this circuit has recognized a need for precision in distinguishing between a 28-day work period and a monthly pay period, in considering the application of the § 207(k) exception. See Taylor v. Cty. of Fluvanna, 70 F. Supp. 2d 655, 660 (W.D. Va. 1999). While defendants may be able to demonstrate the legality of their pay practices on a more complete record, the allegations in the complaint coupled with an absence of any legal analysis do not permit a ruling in favor of defendants at this juncture.

In sum, defendants' arguments in support of dismissal of plaintiff's FLSA claim are unavailing. Therefore, defendants' motion to dismiss in this part is denied, and plaintiff is allowed to proceed with his FLSA claim.

2. NCWHA

Defendants argue that plaintiff's NCWHA claim is barred by the exclusion in N.C. Gen. Stat. § 95-25.14(d), which states:

> The provisions of [the NCWHA] do not apply to the State of North Carolina, any city, town, county, or municipality, or any State or local agency or instrumentality of government, except for the following provisions, which do apply:
>
> (1) The minimum wage provisions of G.S. 95-25.3;
>
> (2) The definition provisions of G.S. 95-25.2 necessary to interpret the applicable provisions;
>
> (3) The exemptions of subsections (a) and (b) of this section;
>
> (4) The complainant protection provisions of G.S. 95-25.20.

N.C. Gen. Stat. § 95-25.14(d).

By its plain terms, the NCWHA does not apply to defendants except as enumerated in subsections (1) to (4), where defendant Edgecombe is a county as referenced in the exclusion, and defendant Atkinson is a "local agency or instrumentality of government." Id. Accordingly, in that

9

part where plaintiff asserts "overtime" and "payday" claims under the NCWHA, N.C. Gen. Stat. §§ 95-25.6 and 95-25.4, defendant's motion is granted.

By contrast, subsection (1), which preserves application of "[t]he minimum wage provisions of [N.C. Gen. Stat. §] 95-25.3," still applies. Similar to the FLSA, the minimum wage provisions of § 95-25.3 require every employer to "pay to each employee who in any workweek performs any work, wages of at least . . . the minimum wage." N.C. Gen. Stat. § 95-25.3(a). Where plaintiff alleges that he "was never compensated for at least 171 hours each year that he worked," and where he turned in 13 time sheets and only received 12 payments each year, plaintiff has stated a claim for violation of the minimum wage provisions of § 95-25.3.

Defendants argue that a claim under the alleged circumstances is not stated under § 95-25.3, but rather § 95.25.6, which requires "[e]very employer [to] pay every employee all wages and tips accruing to the employee on the regular payday," and which is excluded from application to defendants by § 95-25.14(d). Defendants contend that § 95-25.3 is limited to "governing the minimum amount an employer is allowed to contract to pay an employee." (Reply (DE 48) at 5). The language of § 95-25.3, however, is not so limited. Rather, plaintiff's claim under § 95-25.3 is coextensive with his claim under § 206 of the FLSA, which also is based upon the failure to pay a minimum wage.

In sum, defendant's motion to dismiss plaintiff's NCWHA claim is granted in that part where plaintiff asserts "overtime" and "payday" violations of the NCWHA, §§ 95-25.6 and 95-25.4, and denied in that part where plaintiff asserts a "minimum wage" violation under § 95-25.3.

    3.    Breach of Contract

Defendants argue that plaintiff fails to state a claim for breach of contract. The court agrees. A claim for breach of contract requires a plaintiff to allege "the existence of a contract between

plaintiff and defendant, the specific provisions breached, [t]he facts constituting the breach, and the amount of damages resulting to plaintiff from such breach." Cantrell v. Woodhill Enterprises, Inc., 273 N.C. 490, 497 (1968). Here, plaintiff does not allege a contract between himself and either defendant. He also does not allege specific provisions of any contract breached.

Plaintiff's attempts to delineate a contractual relationship are insufficient to state a claim for breach of contract. For example, plaintiff asserts "upon information and belief" that defendant Edgecombe "enacted policies applicable to calculation of regular and overtime compensation for employees of [defendant Atkinson] . . . and thus entered into contracts with the Sheriff's Deputies to provide regular hourly pay and overtime pay in accordance with state law." (Compl. ¶ 4) (emphasis). The court need not credit this emphasized assertion in the complaint, which is a conclusory allegation of the existence of a contract. In addition, plaintiff's assertion of a contract with defendant Edgecombe is contrary to state law. The North Carolina Supreme Court has concluded that "a sheriff's office is not a program or department of a county and . . . a deputy sheriff or employee of a sheriff's office is not a county employee." Young v. Bailey, 368 N.C. 665, 669–70 (2016). "[T]he fact that the sheriff's office receives funds therefrom is of no moment." Id. at 670.

Plaintiff also alleges that defendant Edgecombe had a statutory duty to "allocate[] funds for salaries of sheriff's deputies," and that defendants "breached their statutory duties to provide the salaries and benefits to which they committed in the enacted budget ordinances, and as such breached the contracts between [d]efendants and [s]heriff's deputies." (Compl. ¶¶ 61-62) (emphasis added). These allegations only support, at most, a contention that defendant Edgecombe allocated money generally for salaries of sheriff's deputies. They do not support a claim that defendant Edgecombe and/or defendant Atkinson entered into a contract specifying terms of pay to plaintiff, which were breached by the conduct alleged in the complaint.

Thus, plaintiff's claim for breach of contract fails as a matter of law and must be dismissed. Defendants' motion to dismiss is granted in this part.

C. Motion to Stay

Where defendants seek a stay of proceedings pending resolution of the instant motion to dismiss, and where the court now has adjudicated that motion, defendants' motion to stay is denied as moot. The court will direct the parties to meet and confer and to file a joint report and plan in accordance with Federal Rule of Civil Procedure 26(f) and the court's October 22, 2020, initial order.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss is (DE 42) GRANTED IN PART and DENIED IN PART as set forth herein. Plaintiff's FLSA claim and NCWHA claim premised upon a violation of N.C. Gen. Stat. § 95-25.3 are allowed to proceed. Plaintiff's NCWHA claim on other grounds and plaintiff's breach of contract claim are DISMISSED WITHOUT PREJUDICE. Defendants' motion to stay (DE 46) is DENIED AS MOOT. The parties are directed to meet and confer and file, within 21 days of the date of this order, a joint report and plan in accordance with Federal Rule of Civil Procedure 26(f) and the court's October 22, 2020, initial order.

SO ORDERED, this the 20th day of October, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge